**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No._____** |
| **v.** | ) | |
| | ) | |
| **FIRE DEPARTMENT COFFEE, INC., an** | ) | |
| **Illinois Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, the City of Chicago ("City"), brings this complaint for injunctive and monetary relief against Fire Department Coffee, Inc. ("Defendant"). For its complaint herein against Defendant, the City alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the City's claims under 15 U.S.C. §§ 1121 and 1119, and under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) under general principles of supplemental and pendent jurisdiction, and because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendant because it is domiciled, and the acts giving rise to the claims occurred, in Illinois.

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the claims alleged arose, at least in part, in this District and because this Court has personal jurisdiction over Defendant.

## JURY DEMAND

4.      The City demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PARTIES

5.      The City is a municipal corporation and home rule unit of local government existing under the Constitution of the State of Illinois.

6.      Defendant Fire Department Coffee, Inc. ("FDC") is a corporation organized under the laws of the State of Illinois with its principal place of business at 1311 Harrison Avenue, Rockford, Illinois, 61109.

## NATURE OF CASE

7.      This is an action for trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); unfair trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510, *et seq.*; unfair trade practices in violation of the common law of the State of Illinois; unfair competition and deceptive practices in violation of the City's Consumer Fraud Ordinance, Municipal Code of Chicago ("MCC") § 2-25-090; and cancellation of United States Trademark Registration No. 5,767,909 pursuant to Sections 14 and 37 of the Lanham Act, 15 U.S.C. §1064 and 1119.

8.      The City seeks monetary and injunctive relief, including an order enjoining Defendant from using confusingly similar marks in its business, including the letters F, D and C stylized in a manner similar to the City's CFD Mark, an order directing the United States Patent and Trademark Office ("USPTO") to cancel the federal trademark registration for Defendant's infringing FDC Mark, an order requiring Defendant to destroy items in its possession or control bearing the FDC Mark or any similar mark, and civil penalties as set forth under the MCC.

2

9. The City owns a trademark for use by the Chicago Fire Department ("CFD") that consists of a red stylized monogram of superimposed or intertwined letters C, F, and D ("CFD Mark"). The CFD Mark is strong, distinctive and a protectable trademark. The CFD Mark is reproduced below:



10. Defendant is using in commerce a trademark that also consists of a red stylized monogram of superimposed or intertwined letters F, D, and C ("FDC Mark"), which is reproduced below:



11. The FDC Mark is an unauthorized reproduction, copy, and/or colorable imitation of the CFD Mark.

12. This action arises out of Defendant's knowing and willful violation of the City's rights in the CFD Mark through Defendant's use in commerce of the FDC Mark in the promotion, marketing, and advertising of Defendant's business, goods, and/or charitable organization.

13. Defendant's use of the FDC Mark is likely to cause consumer confusion by allowing consumers to erroneously believe that the City is affiliated with, has sponsored, endorsed,

3

is somehow the origin of, or benefits from Defendant's business, goods, and/or charitable organization, when this is not the case, thus confusing consumers and jeopardizing the City's goodwill in the CFD Mark.

## FACTUAL BACKGROUND

### *Background of the CFD Mark*

14.     The City uses the CFD Mark in commerce in connection with fire prevention, firefighting, civil protection and related services, and licenses the CFD Mark on limited occasions, including for use in television and movie productions and for use on apparel exclusively sold at the CFD commissary for CFD personnel to wear on duty.

15.     The City is the owner of the CFD Mark.

16.     The CFD Mark was first used in commerce at least as early as January 1, 1949, and has been used continuously in commerce since that date.

17.     The City has invested significant resources and effort to develop and foster the reputation of the CFD and its core services as symbolized by, and captured in, the goodwill in the CFD Mark.

18.     The CFD Mark prominently appears on CFD training gear, CFD emergency vehicles, such as ambulances, trucks, and engines, and on some uniforms and apparel worn by CFD personnel.

19.     The City earns revenue from CFD's services rendered in connection with the CFD Mark, including, but not limited to, ambulance fees.

20.     Strengthening the public association of CFD, its services, and the CFD Mark, the CFD Mark has also repeatedly appeared in national television and movie entertainment productions such as *Chicago Fire* and *Backdraft*. Over the decades since the CFD Mark was first

used, it has been seen by countless members of the public throughout the Chicagoland area, as well as nationally.

21.     The CFD Mark is widely recognized by members of the public as an indicator of the source of CFD's high-quality services.  Indeed, consumers are likely to believe that goods sold bearing, or services rendered in connection with, the CFD Mark are affiliated with, sponsored by, endorsed by, originate with, or somehow benefit the City and/or CFD.

**_The City's Ownership and Registration of the CFD Mark_**

22.     On May 10, 2005, the City filed a federal trademark application for the CFD Mark with the United States Patent and Trademark Office ("USPTO").  On December 19, 2006, the USPTO issued a federal trademark registration for the CFD Mark, Reg. No. 3,185,751, for the following services ("CFD Registration"):

> o  **International Class 45:** Municipal Services; namely fire prevention services, fire fighting services, and civil protection.

A copy of the Registration Certificate for the CFD Mark is attached as **Exhibit A**.

23.     The CFD Registration is valid, subsisting and in full force and effect.  On February 18, 2017, the City renewed the CFD Registration.   On December 10, 2012, the USPTO acknowledged the Section 15 declaration for the CFD Registration.

24.     Pursuant to 15 U.S.C. § 1057(b), the federal trademark registration certificate for the CFD Mark constitutes conclusive evidence of the validity of the CFD Mark, the registration of the CFD Mark, of the City's ownership of the CFD Mark, and of the City's "_exclusive_ right to use" in commerce the CFD Mark 15 U.S.C. §1115(b) (emphasis added).

25.     The City's right to use the CFD Mark in commerce is incontestable pursuant to 15 U.S.C. §1065.

**Defendant's Business Conduct, Use, and Registration of the FDC Mark**

26.     Defendant started its unlawful actions complained of herein long after the City first used in commerce the CFD Mark, filed an application to register the CFD Mark, and after the USPTO issued the CFD Registration.  Defendant sells and transports in commerce goods bearing the FDC Mark, including, but not limited to, coffee, coffee-related products, apparel, and drinkware ("FDC Goods").

27.     Defendant offers FDC Goods for sale under the FDC Mark nationwide, including in Chicagoland and this District, through a website, www.firedeptcoffee.com ("FDC Website"). *See* screenshots of FDC Goods sold on FDC Website attached as **Exhibit B**.

28.     Upon information and belief, consumers can also purchase the FDC Goods at Defendant's retail location in Rockford, Illinois.  Defendant markets, advertises, and promotes the FDC Goods under the FDC Mark through its social media accounts and the FDC Website, thereby reaching consumers both in Chicagoland and nationwide.

29.     The FDC Website makes an association between Defendant's business and firefighters through use of taglines such as "Run by Firefighters," "Be Part of Something Greater," and "Always Supporting Our Heroes," images of firefighters drinking Defendant's coffee, as well as claims that the FDC Goods have "received the stamp of approval from firehouses…."  *See* screenshots of the FDC Website attached as **Exhibit C**.

30.     Defendant uses the FDC Mark in commerce with the Fire Department Coffee Charitable Foundation ("FDC Foundation"), a non-profit organization affiliated with Defendant, including for the purpose of rendering fundraising services ("FDC Charitable Services").

31.     According to the FDC Website, Defendant donates 10% of its profits from the sale of FDC Goods to FDC Foundation.  The FDC Website claims that "10% of proceeds from every order goes towards supporting ill or injured firefighters and first responders."  *See* printout from

6

www.firedeptcoffee.com/pages/about-us, attached as **Exhibit D**.

32.     A portion of the FDC Website, titled "FOUNDATION," addresses Defendant's relationship with FDC Foundation, and states the following:

> The Fire Dept. Coffee Foundation is a 501(c)(3) charitable organization supporting groups that help first responders who are injured on the job, mentally or physically, or who are facing other serious health challenges. Fire Dept. Coffee donates 10% of all proceeds to support our injured or ill heroes . . . . Just keep drinking Fire Dept. Coffee, knowing that each other is benefiting first responders in need.

*See* screenshot from www.firedeptcoffee.com/charity, attached as **Exhibit E**.

***Defendant's Knowledge of CFD Mark***

33.     Pursuant to 15 U.S.C. §1072, Defendant had constructive knowledge of the CFD Mark prior to Defendant's first use of the FDC Mark.  Further, upon information and belief, Defendant had actual knowledge of the CFD Mark prior to Defendant's adoption and first use of the FDC Mark in part because of the widespread presence and use of the CFD Mark, the fame and immense notoriety of the CFD Mark, and Defendant's experience with and knowledge of fire rescue services.  The striking similarity between the appearance of the CFD Mark and the FDC Mark evidences Defendant's actual knowledge of the CFD Mark at the time it created, adopted and first used the FDC Mark.

34.     The City has not vetted, endorsed, sponsored, approved, nor is in any way affiliated with Defendant, its use of the FDC Mark, its business or its charitable organization.

***Defendant's Adoption, Use, and Registration of FDC Mark***

35.     Upon information and belief, Defendant adopted and used the FDC Mark, which is strikingly similar to the CFD Mark, because it concluded that using a mark similar to the CFD Mark would greatly enhance the sale of the FDC Goods and the success of Defendant's business and FDC Charitable Services.

7

On October 5, 2018, despite constructive knowledge of the CFD Mark, and upon information and belief, actual knowledge of the CFD Mark, Defendant applied to register the FDC Mark with the USPTO for use in connection with coffee, cups and mugs.  The application for the FDC Mark claimed a date of first use of May 1, 2016, and a date of first use in commerce of July 1, 2018.  The USPTO issued a registration for the FDC Mark, Reg. No. 5,767,909, on June 4, 2019 ("FDC Registration").  A copy of the Registration Certificate for the CFD Mark is attached as **Exhibit F**.  The USPTO should not have issued the FDC Registration because it is likely to cause confusion with the CFD Registration, 15 U.S.C. §1052(d).

36.     Defendant also uses the FDC Mark in commerce on other FDC Goods, such as apparel, and in conjunction with FDC Charitable Services.

37.     On April 30, 2019, the City sent Defendant a letter requesting that it cease and desist from further use of the FDC Mark.  A copy of the April 30, 2019 letter is attached as **Exhibit G**.  Since then, Defendant has ignored the City's cease and desist letter and continued to use the FDC Mark.

38.     On or about October 31, 2019, a commercial for Google appeared on the Internet regarding Google's initiative for veteran-led small businesses, prominently featured Defendant and the FDC Mark ("Google Commercial").  The Google Commercial has brought nationwide attention to Defendant and its use of the FDC Mark.  As of January 29, 2020, the Google Commercial had 1,652,594 views on YouTube, https://www.youtube.com/watch?v=MDuA8jpOGng. (*See* screenshot from YouTube, attached as **Exhibit H**.)

### *Likelihood Of Confusion Between CFD Mark and FDC Mark and Damage to The City*

39.     Upon information and belief, Defendant's use in commerce of the FDC Mark is a

blatant attempt to exploit the goodwill of the CFD Mark and to confuse customers as to the affiliation, sponsorship, endorsement, origin of, or entities benefiting from Defendant's business, goods, and/or charitable organization.

40.     Defendant's conduct has created actual confusion as to whether the City is affiliated with, sponsors, endorses, is somehow the origin of, or otherwise benefits from Defendant's business, goods, and/or charitable organization.

41.     Defendant is intentionally attempting to improperly ride on the City's coattails and trade on the City's success and goodwill.  Defendant is using in commerce a mark which is highly similar to the CFD Mark, i.e., the FDC Mark, in connection with the FDC Goods, promotion of the FDC Goods and FDC Charitable Services in a manner which is likely to cause confusion among consumers.  Consumers and other members of the public who encounter the FDC Mark in connection with the FDC Goods and FDC Charitable Services will mistakenly believe that the City or the CFD is the source of, has sponsored, is affiliated with, or is somehow connected with, Defendant's business, goods and/or charitable organization, all to the detriment of the City.

42.     As a result of Defendant's actions, the City has suffered irreparable injury and harm and will continue to do so if Defendant is not immediately and permanently enjoined by this Court from further violation of the rights alleged herein.  The City has no adequate remedy at law.

**COUNT I**
**Federal Trademark Infringement**
**in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114**

43.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

44.     Defendant's use of the FDC Mark infringes the City's rights in the federally registered CFD Mark as reflected in the CFD Registration.

45.     Defendant's use of the FDC Mark is likely to cause confusion, mistake and/or deception among the relevant consumers and public as to the affiliation, connection or association between Defendant's business, goods, and/or charitable organization and the services identified in the CFD Registration, and/or mislead the public into thinking that the City or CFD is the origin of, or has sponsored or approved of Defendant's business, goods, and/or charitable organization. Defendant's actions irreparably harm the value of the CFD Mark and injure the City's reputation and goodwill.

46.     Defendant's actions are likely to cause confusion, or to cause mistake or to deceive customers and users as to the origin, sponsorship or approval of Defendant's business, goods, and/or charitable organization in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     Defendant created, adopted and used in commerce the confusingly similar FDC Mark with knowledge of the City's rights in the CFD Mark.  The promotion and sale of the FDC Goods and rendering of FDC Charitable Services under the FDC Mark has been made by Defendant in bad faith and with a willful and deliberate intent to pass off its goods and services as those affiliated with the City and trade on the significant goodwill developed in the CFD Mark.  In view of the willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

48.     Defendant's actions have caused and continue to cause damage and irreparable harm to the City, for which the City has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further injuring and damaging the City, confusing the public and unjustly enriching Defendant.

**COUNT II**
**Federal Unfair Competition**
**in Violation of Section 43 (a) of the Lanham Act**

49.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

50.     Defendant's creation, adoption and use in commerce of the FDC Mark unfairly competes with, passes off as, and creates a false designation of origin with the goods and services the City sells and renders under the CFD Mark in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a)(1).

51.     The FDC Mark, as used by Defendant, is likely to cause confusion and mistake as to the origin, sponsorship, or approval of Defendant's business, goods, and/or charitable organization.

52.     Defendant created, adopted and used in commerce the confusingly similar FDC Mark with knowledge of the City's rights in the CFD Mark.  The promotion and sale of the FDC Goods and rendering of FDC Charitable Services under the FDC Mark has been made in bad faith and with a willful and deliberate intent by Defendant to pass off its goods and services as those of the City, or somehow affiliated with the City or CFD, and trade on the significant goodwill developed in the CFD Mark.  In view of the willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

53.     Defendant's actions have caused and continue to cause damage and irreparable harm to the City, for which the City has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further damaging and injuring the City, confusing the public, and unjustly enriching Defendant.

## COUNT III
### Unfair Competition in Violation of the
### Illinois Uniform Deceptive Trade Practices Act

54.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

55.     Defendant's actions are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods sold and services rendered by Defendant, and thus constitute unfair and deceptive acts or practices in the conduct of a business, trade or commerce in violation of 815 ILCS 510/1, *et seq*.

56.     The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts, which have occurred both in the State of Illinois and nationwide.

57.     Defendant's conduct has had, and will continue to have, an adverse impact on the City and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact.

58.     Defendant's unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

59.     Defendant's actions have caused and continue to cause damage and irreparable harm to the City, for which the City has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further damaging and injuring the City and confusing the public.

## COUNT IV
### Common Law Unfair Competition

60.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

61.     The CFD Mark is strong, distinctive and a protectable trademark. Defendant's use in commerce of the FDC Mark unfairly competes with the CFD Mark.

62.     Defendant's use of the FDC Mark in connection with the promotion, sale and rendering of FDC Goods and FDC Charitable Services is likely to cause confusion, or to cause mistake, or to deceive customers and users as to the origin, sponsorship or approval of Defendant's business, goods, and/or charitable organization, and constitutes unfair competition in violation of the common law of the State of Illinois.

63.     As a result of Defendant's actions, the public is likely to believe that the FDC Goods and charitable services have originated from and/or have been approved by the City or the CFD, when that is not the case.

64.     Defendant's use of the FDC Mark has harmed the City's goodwill in the CFD Mark.

65.     Defendant's unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

66.     Defendant's actions have caused and continue to cause damage and irreparable harm to the City, for which the City has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further damaging and injuring the City and confusing the public.

## COUNT V
**Consumer Fraud Ordinance**

67.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

68.     The CFD Mark is strong, distinctive and a protectable trademark. Defendant's use in commerce of the FDC Mark, including in the Chicagoland area, as herein pleaded, unfairly competes with the CFD Mark.

69.     Defendant's use in commerce of the FDC Mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods sold and services rendered by Defendant, and thus constitute unfair and deceptive acts or practices in the conduct of

13

a business, trade or commerce in violation of in violation of MCC § 2-25-090.

70.     Defendant's conduct has had, and will continue to have, an adverse impact on the City and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact.

71.     Defendant's unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

72.     Defendant's actions have caused and continue to cause damage and irreparable harm to the City, for which the City has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further damaging and injuring the City and confusing the public.

<u>COUNT VI</u>
**Cancellation of United States Trademark Registration No. 5,767,909**

73.     The City repeats and realleges the allegations in the foregoing paragraphs as though fully set forth herein.

74.     The City seeks the cancellation of the FDC Registration, Reg. No. 5,767,909, which is less than five years old, pursuant to Section 14 of the Lanham Act, 15 U.S.C. §1064.  The FDC Registration is likely to cause confusion with the CFD Mark, and/or comprises deceptive matter which falsely suggests a connection with the City, CFD and/or the CFD Mark.  The FDC Mark so resembles the CFD Mark as to be likely to cause confusion, or to cause mistake, or to deceive as to source by suggesting that FDC Goods and FDC Charitable Services are affiliated with, sponsored by, endorsed by, originates with, or somehow benefit the City, when they are not.

75.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. §1119, this Court can "order the cancelation of registrations," and direct the USPTO to take appropriate action in the USPTO's records.

76.     The CFD Registration has priority over the FDC Registration.  The City adopted

14

the CFD Mark, used the CFD Mark in commerce, applied to register the CFD Mark, and received the CFD Registration, all prior to FDC's adoption, first use, application to register, and FDC Registration.

77. The CFD Mark is strong and distinctive, and the CFD Registration is valid. The City's right to use the CFD Mark in commerce has become incontestable.

78. The City has been damaged, and continues to be damaged, by the FDC Registration.

## PRAYER FOR RELIEF

**WHEREFORE**, the City respectfully seeks the following relief:

A. An order enjoining and restraining Defendant, its agents, servants, employees, attorneys, and all persons and/or organizations in active concert or participation with any of them, including, but not limited to, FDC Foundation, from engaging in any of the following acts:

(i) Using in any way the FDC Mark, any similar mark, or the letters F, D, and C superimposed in a monogram style that is confusingly similar to the CFD Mark, in any manner whatsoever, either alone or as part of any other elements, including any trademark, trade name, corporate name or domain name.

(ii) Using any trademark, trade dress, trade name or domain name that is confusingly similar to the CFD Mark;

(iii) Using the FDC Mark in a form similar to the CFD Mark, including without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, that is likely to mistakenly identify or associate Defendant or its business or services with the City; and

(iv) Unfairly competing with the City in any manner whatsoever;

B. An order requiring Defendant, pursuant to 15 U.S.C. § 1118, to destroy all

literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in its possession or control, as well as all plates, molds, matrices, masters, and other means of making any of those infringing items, that bear or incorporate the FDC Mark, or the letters F, D, and C stylized in a manner confusingly similar to the CFD Mark;

       C.      An order directing the USPTO to cancel the FDC Registration, Reg. No. 5,767,909;

       D.      An order requiring Defendant to file with the Court and to serve on the City, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

       E.      Awarding the City the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Illinois law;

       F.      Awarding the City monetary relief in an amount to be determined, such amount to be trebled pursuant to 15 U.S.C. § 1117;

       G.      Awarding the City civil penalties of $10,000 for each violation of MCC § 2-25-090; and

       H.      Awarding such other and further relief as the Court deems just and proper.

Dated: January 29, 2020          Respectfully Submitted,

By: /s/ Philip A. Jones

MARK A. FLESSNER
Corporation Counsel, City of Chicago
Attorney No. 90909
Fiona Burke, Chief Asst. Corporation Counsel
Christina Chung, Assistant Corporation Counsel
City of Chicago, Department of Law
30 N. La Salle, Suite 1400
Chicago, IL 60602
Phone: (312) 744-6929, 4-5218
Fax: (312) 742-3832
Fiona.Burke@cityofchicago.org
Christina.Chung@cityofchicago.org


Philip A. Jones (Illinois Bar No. 6217213)
BARNES & THORNBURG LLP
One North Wacker Drive.
Suite 4400
Chicago, IL 60606
(312) 357-1313
pjones@btlaw.com

# **EXHIBIT A**

Int. Cl.: 45

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 3,185,751
Registered Dec. 19, 2006

### SERVICE MARK
### PRINCIPAL REGISTER



CITY OF CHICAGO (ILLINOIS MUNICIPAL
CORPORATION)
121 NORTH LASALLE STREET
CHICAGO, IL 60601

FOR: MUNICIPAL SERVICES; NAMELY, FIRE
PREVENTION SERVICES, FIRE FIGHTING SERVI-
CES, AND CIVIL PROTECTION, IN CLASS 45 (U.S.
CLS. 100 AND 101).

FIRST USE 1-1-1949; IN COMMERCE 1-1-1949.

THE MARK CONSISTS OF THE STYLIZED SU-
PERIMPOSED LETTERS C, F, AND D.

SER. NO. 78-627,180, FILED 5-10-2005.

ANN E. SAPPENFIELD, EXAMINING ATTORNEY

# **EXHIBIT B**









# **EXHIBIT C**





## HELPING OUR HEROES WHEN THEY NEED US MOST





# RUN BY FIREFIGHTERS





SHOP COFFEE



SHOP GEAR



SHOP FIRE DEPT PRICING

3





**<u>EXHIBIT D</u>**



## OUR COMPANY

If there's one thing we learned during our years in the military and fire service, it's that a good cup of coffee and a well-timed jolt of caffeine are essential for long nights and high-octane lifestyles.

We also discovered that we had a true passion for roasting high-quality coffee beans, so we made it our mission to make great-tasting, easy-drinking coffee for hard working people everywhere.

It's received the stamp of approval from firehouses, job sites, and offices all across the country.

We guarantee quality, so every batch of Fire Department Coffee is fresh roasted. You order.
We roast. We deliver. It's that simple.

10% of proceeds from every order goes towards supporting ill or injured firefighters and first responders. It's great coffee for a great cause. Together, we're helping take care of our nation's heroes, one cup at a time.

# **EXHIBIT E**





## HELPING OUR HEROES WHEN THEY NEED US MOST

When we're in trouble or in danger, firefighters and other first responders race to our side without a second wasted and without a second thought.

The Fire Dept. Coffee Foundation is a 501(c)(3) charitable organization supporting groups that help first responders who are injured on the job, mentally or physically, or who are facing other serious health challenges.

Fire Dept. Coffee donates 10% of all proceeds to support our injured or ill heroes.

This foundation will make sure that money gets to those who need it most.

So how can you help?


It's easy. Just keep drinking Fire Dept. Coffee, knowing that each order is benefiting first responders in need.

Because our heroes need all the help we can give.

# **<u>EXHIBIT F</u>**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,767,909**

**Registered Jun. 04, 2019**

**Int. Cl.: 21, 30**

**Trademark**

**Principal Register**

Fire Department Coffee, Inc.  (ILLINOIS CORPORATION)
2633 20th St.
Luke Schneider
Rockford, ILLINOIS 61109

CLASS 21: Cups and mugs

FIRST USE 5-1-2016; IN COMMERCE 7-1-2018

CLASS 30: Coffee

FIRST USE 5-1-2016; IN COMMERCE 7-1-2018

The mark consists of the letters "FDC" depicted in an ornate, overlapping and interlocking font. The dark background is not a feature of the mark.

SER. NO. 88-144,255, FILED 10-05-2018

Director of the United States
Patent and Trademark Office

# **EXHIBIT G**



## DEPARTMENT OF LAW

## CITY OF CHICAGO

April 30, 2019

**VIA CERTIFIED AND STANDARD U.S. MAIL**

Luke Schneider, Founder & CEO
Fire Department Coffee, Inc.
7808 Nan Drive
Roscoe, IL 61073

Re:     Use of the Chicago Fire Department's Monogram Logo

Dear Mr. Schneider:

The City of Chicago ("City") has learned that Fire Department Coffee, Inc ("Fire Dept. Coffee") is using the Chicago Fire Department's monogrammed logo ("CFD Logo") in an infringing manner on its website and merchandise.  You are hereby notified that marks of the Chicago Fire Department are the property of the City and may not be used for any commercial purpose without the express written permission of the City.  Your sale without licenses of any items bearing such marks may induce persons to believe, incorrectly, that such sales are expressly permitted, endorsed, sponsored by the City, or otherwise benefit the City.

Please be advised that such use is in violation of the protection accorded our client under federal trademark, unfair competition, and anti-piracy laws, and is punishable as a misdemeanor under the Illinois Criminal Code, 720 ILCS 5/17-2(a)(4).  As a result, we request that you immediately cease all infringing use of the CFD Logo, along with any confusingly similar symbols.

The Chicago Fire Department must protect its valuable mark from unauthorized uses that are likely to cause confusion.  Here, it should be obvious that Fire Dept. Coffee's use of CFD's Logo in a trademark manner throughout its website and on its merchandise is likely to cause confusion as to the source, affiliation, and/or sponsorship of the website and its marketed products.  Additionally, the CFD logo is a registered federal trademark of the City, serial number 78627180.  As a result, Fire Dept. Coffee's use of the CFD Logo constitutes a violation of the rights granted to our client under various federal and state trademark, unfair competition and anti-piracy laws, including the federal Lanham Act, 15 U.S.C. § 1051 et seq.

Mr. Luke Schneider
April 30, 2019
Page 2 of 2

As this is an extremely important matter to the City, we request that Fire Dept. Coffee immediately: (1) cease and desist all unauthorized uses of the CFD Logo (or any similar marks); (2) cease and desist from using the CFD Logo or any similar symbol in an infringing trademark manner in connection with any merchandise, business, or domain name in the future, including on websites and in advertisements, marketing materials, and the like; and (3) refrain from any action or dissemination of information which suggests any affiliation with the Chicago Fire Department. This letter is Fire Dept. Coffee's official notice of its infringement, and continued infringing use of the CFD Logo (or any marks that are confusingly similar) will be considered willful infringement. Such willful infringement may subject Fire Dept. Coffee to treble damages and other additional remedies.

Given the urgency of this matter, we must receive your written confirmation no later than May 10, 2019 that you will undertake to comply with each of the aforementioned steps to avoid any ongoing infringement of the Chicago Fire Department's intellectual property rights. If we do not receive the requested assurances by that date, we will assume that you do not wish to resolve this amicably. In any litigation that would ensue, we will seek all available remedies, including, but not limited to, injunctive relief, fines, monetary relief, damages, and attorneys' fees. Nothing in this letter shall be construed as an admission or waiver of any rights, remedies or defenses by the City, all of which are expressly reserved.

Please call me at (312) 744-9021 if you have any questions about this letter. We look forward to your prompt response. Thank you for your attention to this matter.

Sincerely,

Sarah Wilbanks
Assistant Corporation Counsel
City of Chicago

cc:     Diane M. Pezanoski
        Deputy Corporation Counsel
        City of Chicago

        Fiona A. Burke
        Chief Assistant Corporation Counsel
        City of Chicago

        Aaron R. DeCamp
        General Counsel
        Chicago Fire Department

# **EXHIBIT H**





